ALLEN et al. v. SHERIDAN.

(Circuit Court, E. D. Missouri, E. D. June 1, 1906.)

No. 5,321.

INTERNAL REVENUE—ENFORCEMENT OF TAX—REPLEVIN OF PROPERTY SOLD—
REMEDY IN FEDERAL COURT—EXCLUSIVENESS.

Property seized and sold by a collector, in the enforcement of the
internal revenue laws, cannot be replevied from the purchasers by the
former owner under process from a state court, and such a proceed-
ing will not be tolerated by a federal court; the remedy for a wrong-
ful seizure given by the statute being exclusive.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Internal Rev-
enue, § 78.]

On Petition for an Order on Defendants to Deliver Certain Personal
Property to Plaintiffs.

D. P. Dyer, U. S. Atty., E. P. Johnson, Asst. U. S. Atty., for
plaintiff.

Blodgett & Davis, for defendant.

POLLOCK, District Judge. Plaintiff Allen is collector of internal
revenue for the First collection district of Missouri, and the other
plaintiffs were purchasers at a sale of certain personal property, levied
upon by a deputy collector, under a warrant of distress issued upon
an assessment of taxes against one J. C. Knott, in the sum of $900 for
taxes due the United States by him as a manufacturer of oleomarga-
rine. The defendant immediately after said sale, as constable, under
color of a writ of replevin issued by William J. Hanley, Esq., a justice
of the peace, seized said property and withheld the same from the pos-
session of the plaintiffs, to whom it was sold by said deputy, and the
plaintiffs joined in a petition setting forth said facts and stating that
said replevin was not authorized by law, was executed in violation of
the laws of the United States, for the purpose of hindering, delaying,
and defrauding the United States out of the aforesaid taxes. Defend-
ant filed a general demurrer to the petition, which the court overruled.

Heretofore there was presented to this court a bill for injunction
to restrain the sale made by the collector in the Knott case. Under
the positive mandate of Congress an injunctive order to restrain the
collector from making the sale was, of course, denied. It is perhaps
well, and this court is gratified at the thought, that the parties bring-
ing this replevin action, the defendants here, and those advising the
bringing of the same, have fallen into such kindly hands as the law
officer of this court, Col. Dyer, or in all probability we would be con-
fronted this morning with a very different proceeding than that now
presented. The mistake made by counsel representing the defendants
in the present case is as to the nature of the title passed by the govern-
ment at sales made in the collection of the revenues of the country.
It is contended that defendants have been deprived of their property
without due process of law. Not so. The revenues of a country are
its life blood. The power to levy and collect revenue is full and ample
under the acts of Congress made in pursuance of constitutional provi-

sions, and such acts are the supreme law of the land, binding upon all parties, at all times. Not only will sales of property by the collector not be enjoined, but such property seized in the hands of the officer is not the subject of replevin. The sale cuts off all prior rights, and the title passed at such sale is an underlying title. Not only are the collection laws drastic, but, that they might be made effective, severe penal laws exist, and are strenuously enforced against those who do not pay the revenues assessed, and as well against those who interfere to prevent sales by the collector in the enforcement of the revenue laws. It would defeat the end of such laws, and put a stop to government itself, could such proceedings as have been attempted by defendants in this matter be tolerated, or should the purchaser at such a sale be prevented from bidding the full and fair value of the property offered, from the fact that he might be called upon to defend the title passed by the government at a sale made. Such is not the law. The defendants here have their remedy under the law, but it is an exclusive remedy. Necessity has given rise to the present scheme for the levy and collection of the revenues. All of the states at all times have not been as friendly to the enforcement of the revenue laws of this country as is this state at the present time, and drastic laws firmly enforced have been a necessity of government. The proceedings attempted by defendants to replevin the property sold by the collector in this case, in the enforcement of the revenue laws, cannot be tolerated.

The demurrers will be overruled, and the orders asked for the return of the property will be granted.